107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James MURRY, also known as James A. Murray, Defendant-Appellant.
 No. 95-6595.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, James Murry, was convicted of armed carjacking and using a firearm during the commission of a crime of violence. He was given a custody sentence of 152 months.
 
 
 2
 On appeal, Murry raises three issues. He first contends the evidence was insufficient to support his convictions. Next, Murry challenges a four-level enhancement imposed because a person was abducted during the offense. Finally, defendant claims he was a minor or minimal participant and should have been granted a decrease in his offense level.
 
 
 3
 Our review of the record convinces us no error occurred, and we affirm.
 
 I.
 
 4
 On the night of April 28, 1995, the defendant and four other men were discussing the possibility of robbing a house in Chattanooga, Tennessee. Before a plan could be formulated, by happenstance, they encountered Geory Summerow, who was driving his 1979 Oldsmobile in the area where the defendant and his associates were congregated.
 
 
 5
 Summerow was looking for his brother when he observed the group of young males. Since Summerow did not recognize any of the individuals he became frightened. When the individuals approached his car, in an effort to prevent trouble, Summerow asked the defendant if he had any crack cocaine for sale. At this point in time, the defendant, approaching the passenger side of the vehicle and brandishing a 9mm firearm, told Summerow "brace yourself, fool, put your hands in the air." (App. 243.) At the same time, one of the defendant's associates, Shantrell Tolbert, approached the driver's side of the vehicle, opened the door, pulled Summerow out of the car at gunpoint, and pushed him to the ground. Several of the men then pulled down Summerow's pants and underwear, took off his shoes and made him bark like a dog.
 
 
 6
 The defendant was going through the car looking for items to steal. Murry took the car keys from the ignition, opened the trunk and began searching it. After the trunk was searched, Summerow was forced into the trunk at gunpoint, and the lid was closed. After Summerow was put in the trunk, two of the persons present, who were juveniles, left and returned to Murry's house. Murry arrived shortly thereafter with $15 he had taken from Summerow, as well as the radio from the Oldsmobile. Murry told the juveniles that as he left the scene of the carjacking he told one of the other participants to "take [the victim] around the corner and leave his car there and leave him in the trunk." Rather than being driven around the corner and abandoned, Summerow was taken to a rural area near Cleveland, Tennessee, where he was removed from the trunk and shot a number of times. Miraculously, Summerow survived and later testified at the trial.
 
 
 7
 Murry was subsequently indicted and charged with conspiracy to commit armed carjacking, armed carjacking, and using and carrying a firearm during an armed hijacking. The jury acquitted on the conspiracy count, but found him guilty of carjacking and using a firearm during a carjacking.
 
 II.
 
 8
 Murry argues that the evidence did not show that he participated in an armed carjacking and that he did not "take" the 1979 Oldsmobile from the victim. He further contends that because the carjacking offense should have been dismissed, he likewise should have been found not guilty of the firearm offense.
 
 
 9
 When a claim of insufficient evidence is made, we review the evidence in the light most favorable to the government and then determine whether there is any evidence from which a rational trier of fact could have found guilt beyond a reasonable doubt. United States v. Leal, 75 F.3d 219, 222 (6th Cir.1996). We accord the same weight to circumstantial evidence and direct evidence, and the uncorroborated testimony of an accomplice may support a conviction. United States v. Sherlin, 67 F.3d 1208, 1214 (6th Cir.1995), cert. denied, 116 S.Ct. 795 (1996).
 
 
 10
 To sustain a conviction under the carjacking statute, 18 U.S.C. § 2119, the government must prove that the defendant, while possessing a firearm, took from another person by force, violence or intimidation, a motor vehicle that had moved in interstate or foreign commerce. Defendant concedes that this vehicle moved in interstate commerce, and that at the time this incident occurred he possessed a firearm. Murry claims, however, that he intended only an armed robbery and did not intend to take the vehicle from Summerow. There was ample evidence from which the jury could find to the contrary, however. At the time Summerow was pulled from the automobile and forced to get into the trunk, the vehicle had been taken from him. Murry was clearly a participant in this series of events. Although Murry denies that he ordered others to drive the vehicle away with Summerow inside, the testimony of one of the participants in the crime is to the contrary. This constitutes sufficient evidence to support the convictions for both armed carjacking and possessing a firearm while committing a carjacking. We note in this regard that the defendant also was charged with, and convicted of, aiding and abetting the commission of both of these offenses and that an aider and abettor is liable as a principal.
 
 III.
 
 11
 Murry contends that he played no part in the abduction of Summerow. As we discussed when considering the sufficiency of the evidence, however, Murry was present when Summerow was placed in the trunk of the car, and the court was justified in finding that a preponderance of the evidence supported the conclusion that Murry had told others to drive the vehicle away with Summerow in the trunk. This would qualify as an abduction and would merit the imposition of the increase in the base offense level pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(4)(A) (1995).
 
 IV.
 
 12
 Defendant's contention that he should have been given a decrease in his offense level as a minimal or minor participant is apparently predicated upon the fact that there is no evidence to show that he knew his confederates were going to drive to Cleveland, Tennessee, with Summerow still in the trunk and then shoot him. These facts would have relevance only if the defendant had been assessed responsibility for the shooting of the victim. In such a circumstance, he arguably would have been entitled to a reduction as a minor participant. Since the defendant was only held accountable for the carjacking and the initial abduction, however, there is nothing in the record that would support his role being characterized as minor or minimal. A district court's denial of a sentence reduction is reviewed for clear error. United States v. Perry, 908 F.2d 56, 58 (6th Cir.1990). The defendant has the burden of proving mitigating factors justifying a reduction for being a minor or minimal participant. Id.
 
 
 13
 Section 3B1.2 of the sentencing guidelines allows a downward adjustment of four points if a defendant played only a minimal role in the offense, and two points if only a minor role was played. The application notes to § 3B1.2 clearly indicate that minimal participant adjustments are to be granted infrequently. See U.S.S.G. § 3B1.2 application note 2. As the district court noted in rejecting defendant's request for a sentence reduction:
 
 
 14
 [T]his is not a case where the defendant was a minimal or minor participant. The defendant actually, as I pointed out, started the ball rolling here on the carjacking, and was the first person to confront the driver of the car, Mr. Summerow, with a weapon aimed right at him. And he did play a role, as I've indicated, in taking Mr. Summerow and putting him in the trunk of the car. He did not play a role in taking Mr. Summerow off to Cleveland. Mr. Murry's suggestion was we just drive him around the corner and park him, leave him in the trunk, still not, let us say, a charitable point of view. I don't think that he was a minimal and minor participant, minimal or minor participant. He had the knowledge and understanding of the scope of the enterprise as it existed at the time that the car was stopped to the same degree as the others did, certainly, to no lesser degree. So it has not been shown by a preponderance of the evidence, which the defendant has the obligation to do under these cases from the guidelines here, that he played a mitigating role.
 
 
 15
 (App. 326.)
 
 
 16
 AFFIRMED.